*42
 
 Nash, J.
 

 We perceive no error in the judgment appealed from. The defendant alleges, that, after the trial and verdict at the Fall Term 1847, he was not bound to attend, until re-summoned. The Statute, which gives the penalty against a witness, duly summoned, for not attending the terms of the Court, also points out his duty. It declares, he shall appear and
 
 continue
 
 to attend, “ from time to time, until discharged either by the Court, or the party, at whose instance he is summoned.” The plea is,
 
 the
 
 defendant was not under subpcena: the case states, he was summoned. It is not pretended, he was actually discharged, either by the Court or the plaintiff, at whose instance he was summoned; but it is insisted, that, by the verdict, the cause was out of Court and the witness legally discharged. The premises not being correct, the conclusion from them cannot be sound. By the verdict, the cause was not out of Court, and, while the term continued, it was in the power of the Court to re-instate it, as it was before the trial; and, after the new trial was granted, it was, to every intent, the same cause, and the defendant was bound to take notice of it, and attend under his Subpcena, until duly discharged. This principle has been considered settled, ever since the case of
 
 Sweaney
 
 v.
 
 Hunter,
 
 1 Mur. 180, tried in the year 1808, upwards of forty years since.
 

 Per Ctjriam
 

 Judgment affirmed.